UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

REID J. COWAN,

    Petitioner,

v.    CAUSE NO.: 1:18-CV-223-WCL-SLC

WARDEN,

    Respondent.

## OPINION AND ORDER

Reid J. Cowan, by counsel, filed a petition for habeas relief challenging his sentence for sexual misconduct with a minor under Cause No. 2D04-712-FB-171. On February 25, 2008, the Allen Superior Court sentenced Cowan to ten years of incarceration. On April 30, 2017, Cowan received notice that he would be subject to lifetime parole based on his status as a sexually violent predator. He asserts that this portion of his sentence violates the Ex Post Facto Clause because the operative statutes became effective only after he committed his crimes.

To start, the court considers whether this habeas petition is timely. The statute of limitations for habeas corpus cases is articulated in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Cowan alleges that he discovered that he was subject to lifetime parole on April 30, 2017. ECF 1 at 5. For purposes of this order, the court presumes that the one-year limitations period began to run on that date pursuant to 28 U.S.C. § 2244(d)(1)(D). Cowan explains that he challenged this portion of his sentence within the Indiana Department of Correction, which was denied on June 1, 2017. ECF 1 at 6. Cowan filed this petition more than one year later -- July 17, 2018.

A petitioner proceeding under 28 U.S.C. § 2254 must exhaust State court remedies to obtain federal habeas relief. 28 U.S.C. § 2254(b)(1). The court must ensure that Cowan has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* The

petition does not state whether Cowan pursued his claim in State court. Though Cowan may have inadvertently omitted his efforts to litigate the claim in State court, the petition indicates that Cowan has not exhausted his State court remedies and that his claim is untimely.

For these reasons, the court:

(1) DENIES the petition (ECF 1); and

(2) GRANTS Reid J. Cowan until <u>August 23, 2018</u>, to file an amended petition or to otherwise address the procedural deficiencies raised in this order; and

(3) CAUTIONS Reid J. Cowan that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on July 25, 2018.

                                                    s/William C. Lee
                                                  JUDGE WILLIAM C. LEE
                                                  UNITED STATES DISTRICT COURT